IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENDALL CURRY, | ) |
| Plaintiff, | ) Civil Action No. 07 - 94J |
| | ) |
| | ) Judge Kim R. Gibson |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| DR. THOMAS; WARDEN GERALD ROZUM; JOSEPH VISINSKY, CHCA; HIEDA SROKA, Grievance Coordinator; SHARON BURKS, Chief Gri. Cor.; JOHN DOES, Prison Health Service, | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendant Thomas (doc. no. 35) be denied. It is further recommended that the Motion to Dismiss filed by the Commonwealth Defendants Rozum, Visinsky, Sroka, and Burks (doc. no. 28) be granted as to Defendants Rozum, Sroka and Burks and denied as to Defendant Visinsky.

II. **REPORT**

Plaintiff, Kendall Curry, is a state prisoner currently confined at the State Correctional Institution at Somerset, Pennsylvania. He commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, complaining that he has been denied adequate medical care in violation of the Eighth Amendment of the United States Constitution. He brings this action against Dr. Thomas, M.D. a contract physician at SCI-Somerset; Gerald Rozum, Superintendent of SCI-Somerset; Joseph Visinsky, Corrections Health Care Administrator (CHCA) at SCI-Somerset,

Heidi Sroka, Grievance Coordinator at SCI-Somerset; Sharon Burks, former Chief Grievance Officer; and "John Does" from Prison Health Services. In the Amended Complaint, Plaintiff purports to raise an Eighth Amendment denial of medical care claim against the defendants alleging that Dr. Thomas failed to treat him properly and that the DOC defendants and "John Does" were informed of this and failed to take corrective action.

### A. Standard of Review – Motion to Dismiss

As the United States Supreme Court recently held in Bell Atlantic Corp. v.Twombly, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688 ).

B. <u>Plaintiff's Allegations</u>

Plaintiff's Amended Complaint (doc. no. 18) alleges the following. Upon submitting a call slip complaining of excruciating pain in his stomach, Plaintiff was seen by the medical department on December 21, 2006 by Physicians Assistant (PA) Collins where Plaintiff explained that he recently had surgery at SCI Albion for the same condition (doc. no. 18, ¶10, p. 3). After examining the injury, PA Collins called Dr. Thomas over to examine the wound. Dr. Thomas stated that he had patients with similar injuries in the past but the institution would not allow him to send inmates to outside medical facilities unless the injury was life threatening (doc. no. 18, ¶11, p. 3). PA Collins informed Plaintiff that she would attempt to get a second opinion and issued Plaintiff some antibiotics and Ibuprofen for a different wound she observed during the examination and sent Plaintiff back to the unit with an apology (doc. no. 18, ¶12, p. 3). Plaintiff was seen again by PA Collins on January 2, 2007 when he reminded her about the second opinion (doc. no. 18, ¶13, p. 3). PA Collins gave Plaintiff more antibiotics and told him that she would seek the opinion of another doctor (doc. no. 1-6, p. 2). On January 3, 2007, Plaintiff filed a grievance complaining that he was not receiving medical treatment for his stomach complaint. Defendant Visinsky responded to his grievance on January 10, 2007 with falsified information that Plaintiff had been placed on medical lay-in, was treated with medications and a follow-up visit. Plaintiff claims that he was not placed on medical lay-in until January 13, 2007 when Visinsky called up to Plaintiff's job site and informed Plaintiff's supervisor, Joe Riam, that Plaintiff was to be placed on medical lay-in. (doc. no. 18, ¶16, p. 3). After being placed on medical lay-in, without being prescribed anything to address his pain and suffering, Plaintiff attempted to complain on appeal of his grievance to the Superintendent (doc. no. 18, ¶18, p. 3). Plaintiff was forced to suffer unnecessary pain and suffering from December 21,

2006 to January 31, 2007 before being prescribed anything to address the pain. Plaintiff was sent to an outside doctor who confirmed that surgery was needed (doc. no. 3, ¶22, p. 7).

C. Liability under 42 U.S.C. § 1983

In order to assert liability pursuant to 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff takes issue with the alleged lack of adequate medical treatment. Plaintiff's claim concerning his medical treatment invokes the protections of the Eighth Amendment. In order to make out a prima facie case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer v. Brennan, 511 U.S. 825; Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347.

To state an Eighth Amendment violation in the context of medical treatment, an inmate must show prove two elements: 1) plaintiff was suffering from a "serious medical need," and 2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439

4

U.S. 897 (1978). The first showing requires the court to <u>objectively</u> determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. <u>Gaudreault v. Municipality of Salem</u>, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991); <u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

The second prong requires a court <u>subjectively</u> to determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 68 (3d Cir. 1993).

Here, Plaintiff claims that an outside doctor recommended surgery for his stomach condition. Thus, Plaintiff has alleged the existence of a serious medical need. In addition, Plaintiff has pleaded that Defendants acted with deliberate indifference because they denied medical treatment, *i.e.*, he was denied pain medication for his stomach ailment from December 21, 2006 until January 31, 2007. Further, he alleges that he initially was denied a medical examination by an outside specialist and that, when he ultimately was seen by an outside specialist, surgery was recommended.

Taken as true, as this Court must when reviewing a motion to dismiss, the Plaintiff's allegations are sufficient to allege that Defendants may have acted with deliberate indifference. Specifically, Plaintiff alleges that Defendants failed to provide him with medical treatment for his

stomach ailment and failed to give him pain medication for five weeks. Thus, Plaintiff has alleged a violation of his rights as protected by the Eighth Amendment.

Notwithstanding, not all Defendants can be liable for failure to provide adequate medical care. In this regard, in order to establish personal liability against a defendant in a section 1983 action, that defendant must have <u>personal</u> involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988); <u>Chinchello v. Fenton</u>, 805 F.2d 126, 133 (3d Cir. 1986).

With respect to Plaintiff's medical treatment claim, liability can be assessed only against defendants with authority to make treatment decisions concerning Plaintiff's medical care. *See* <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 (3d Cir.2004) (holding that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference). The Defendants alleged to be involved in Plaintiff's claim are as follows: Dr. Thomas, M.D.; Gerald Rozum, Superintendent; Joseph Visinsky, Healthcare Administrator; Heidi Sroka, Grievance Coordinator, Sharon M. Burks, Chief Grievance Officer; and John Does, Prison Health Services. Because Plaintiff was under the supervision of medical personnel during the entire relevant time period, his allegations do not support a claim for the denial of adequate medical care against any of the non-medical Defendants. *See* <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 (3d Cir. 1993) (warden and commissioner cannot be considered deliberately indifferent by failing to directly respond to a medical complaint by a prisoner who was receiving treatment by

the prison doctors).[1] Consequently, the Commonwealth Defendants' Motion to Dismiss should be granted as to Defendants Rozum, Sroka and Burke.

That leaves Commonwealth Defendant Visinsky. Plaintiff alleges that Defendant Visinsky was the health care administrator at the relevant time period. Health care administrators do not prescribe medications or make decisions regarding the course of treatment prescribed to inmates. As such, courts generally have found that prison health care administrators do not act with "deliberate indifference" when the prisoner plaintiff is receiving treatment from the prison doctor. *See, e.g.* Hemingway v. Falor, 2006 WL 2786866, *4 (3d Cir. Sept. 28, 2006); Miller v. Hoffman, 1999 WL 415397, *11 (E.D. Pa. June 22, 1999) (collecting cases). Notwithstanding, health care administrators are not immune from liability. Where the facts indicate personal involvement in an inmate's allegedly deficient medical treatment, courts have refused to grant summary judgment in favor of the administrator. *See, e.g.*, Sappington v. Ulrich, 868 F. Supp. 194 (E.D. Tex. 1994); Kaminsky v. Rosenblum, 737 F. Supp. 1309 (S.D.N.Y. 1990).[2]

Plaintiff alleges that he was denied an outside consultant and that Visinsky failed to investigate his medical concerns when he responded to his grievance. Further, he claims that

---

1. Moreover, Plaintiff cannot allege personal involvement by any defendant merely by virtue of his or her involvement in reviewing inmate grievances. It is well settled that the filing of a grievance is not sufficient to show the actual knowledge necessary for personal involvement. Rode, 845 F.2d at 1208.; Croom v. Wagner, 2006 WL 2619794, *4 (E. D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pennsylvania Dept. of Corrections, 2006 WL 2129148, *2 (M. D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement).

2. *See also* Cooper v. Schriro, 189 F.3d 781, 783-784 (8th Cir. 1999) (prisoner's allegations that health care administrator refused him treatment after he filed medical service request regarding painful decayed and cracked teeth stated cause of action for deliberate indifference to serious medical need in violation of Eighth Amendment).

7

Visinsky' response was inaccurate because he was not placed in medical lay-in until January 13, 2007, not January 10, 2007 as stated by Visinsky. It is unclear from Plaintiff's allegations whether Defendant Visinsky had any ability or authority to influence the course of medical treatment Plaintiff received. Thus, the Commonwealth Defendants' Motion to Dismiss should be denied at this juncture as to Defendant Visinsky.

With respect to Dr. Thomas, Plaintiff alleges that he told him that he was not eligible for outside evaluation or treatment unless his condition was life threatening. Further, he claims that Dr. Thomas failed to give him any treatment for his stomach condition for five weeks from December 21, 2006 until he was given pain medication on January 31, 2007. Finally, he alleges that an outside doctor recommended surgery for his condition. Thus, Dr. Thomas' Motion to Dismiss should not be granted.

### III.     CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendant Thomas (doc. no. 35) be denied. It is further recommended that the Motion to Dismiss filed by the Commonwealth Defendants Rozum, Visinsky, Sroka, and Burks (doc. no. 28) be granted as to Defendants Rozum, Sroka and Burks and denied as to Defendant Visinsky.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated: August 14 , 2008

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: The Honorable Kim R. Gibson
United States District Judge

Kendall Curry
CN-9459
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510