IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENDALL CURRY,<br><br>                Plaintiff,<br><br>v.<br><br>DR. THOMAS; WARDEN GERALD ROZUM; JOSEPH VISINSKY, CHCA; HIEDA SROKA, Grievance Coordinator; SHARON BURKS, Chief Gri. Cor.; JOHN DOES, Prison Health Service,<br><br>                Defendants. | Civil Action No. 07 - 94J<br><br>Judge Kim R. Gibson |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kendall Curry, is a state prisoner currently confined at the State Correctional Institution at Somerset, Pennsylvania. He commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, complaining that he has been denied adequate medical care in violation of the Eighth Amendment of the United States Constitution. The remaining Defendants include Dr. Thomas, M.D. a contract physician at SCI-Somerset and Joseph Visinsky, Corrections Health Care Administrator (CHCA) at SCI-Somerset. In the Amended Complaint, Plaintiff raises an Eighth Amendment denial of medical care claim against the defendants alleging that Dr. Thomas failed to treat him properly and that Defendant Visinsky was aware of this and failed to take corrective action. For the reasons that follow, the Motions for Summary Judgment filed by Defendants Visinsky and Thomas will be granted.

## A. Standard of Review - Summary Judgment

Both remaining Defendants have filed motions for summary judgment pursuant to Fed. Rule Civ. Proc. 56. Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. Rule Civ. Proc. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth specific facts showing that there is a genuine issue for trial or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Fed. Rule Civ. Proc. 56(c). *See also* Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The inquiry, then, involves determining " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), *cert. denied*, 501 U.S. 1218 (1991) (quoting Anderson, 477 U.S. at 251-52). If a court concludes that "the evidence is merely colorable

2

... or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50.

## B. Facts

Plaintiff was seen by the medical department at SCI-Somerset on December 21, 2006 by Physicians Assistant (PA) Collins where Plaintiff complained of stomach pains for the past five months upon lifting and bending. Plaintiff explained that he had a gunshot wound in 1993 and had an internal stitch removed in 2001 at SCI-Albion from the prior surgery. After examining the injury, PA Collins observed that the scab from the prior surgery had opened up again. Dr. Thomas examined the wound and determined that he would not be approved for surgery at that time (doc. no. 65-2, p. 3). PA Collins ordered a medical lay-in, a ten-day prescription for Motrin and Keflex and ordered a follow-up visit (doc. no. 65-2, p. 11). During his follow-up visit on January 2, 2007, PA Collins noted that Plaintiff still had pain around the suture area. At that time, PA Collins prescribed the antibiotic Bactrim and ordered another follow-up visit (doc. no. 65-2, pp. 3, 11). During the January 10, 2007, follow-up, Dr. Robert C. McGrath examined Plaintiff who complained of severe pain at the incision site (doc. no. 65-2, p. 4). During the examination, Dr. McGrath concluded that Plaintiff had a small stitch granuloma[1] near to the incision site from his prior abdominal surgery. Dr. McGrath noted that Plaintiff easily took off his clothes, climbed onto the table and did not voice any pain when Dr. McGrath pushed on his abdominal area. Dr. McGrath's progress notes dated January 10, 2007, indicate that Plaintiff had "six pack abs" and that he could have inflamed the incision area by exercising. Dr. McGrath intended to restrict Plaintiff's activity

---

1. A stitch granuloma is formed when a dissolvable stitch from a prior surgery does not fully dissolve and eventually makes its way to the skin surface, causing a bulge, inflammation, and often pain (doc. no. 60-2, p. 5).

3

and would discuss the matter with Dr. Go, a surgeon at Somerset Hospital. The notes further indicate that there was no sign of infection and no surgical emergency at that time (doc. no. 65-2, p. 5). Dr. McGrath ordered Motrin, passive activities, no work until further notice, ordered Plaintiff's medical records from 1993 and a follow up visit to occur in three to four weeks (doc. no. 65-2, pp. 12-13). On January 11, 2007, Dr. McGrath ordered blood work for Curry (doc. no. 65-2, p. 12). On January 23, 2007, Plaintiff presented at the PA review line complaining of jabbing pain on his abdominal scar area (doc. no. 65-2, p.) PA Simpkins' ordered additional blood work at that time.

On January 30, 2007, Dr. Thomas examined Plaintiff for a physical and noted no infection in his abdominal area (doc. no. 65-2, p. 8). Plaintiff was seen again on January 31, 2007 by Dr. McGrath who noted that he had spoken with Dr. Go and that no surgery was emergent at that time and that new surgery could cause the same problems (doc. no. 65-2, p. 8). Dr. McGrath ordered Motrin and a follow up examination (doc. no. 65-2, p. 15). On this same date, Dr. McGrath ordered a consultation for Curry with a general surgeon and on March 1, 2007, Plaintiff was referred to Dr. Go for possible surgery on the stitch granuloma (doc. no. 65-2, p. 17). Dr. Go examined Plaintiff on March 20, 2007 and recommended surgery to excise the incision. The surgery took place on April 23, 2007 at Somerset Hospital (doc. no. 65-2, pp. 19-20).

### C. Liability under 42 U.S.C. § 1983

In order to assert liability pursuant to 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42

4

(1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff's claims concerning his medical treatment invokes the protections of the Eighth Amendment. In order to make out a prima facie case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer v. Brennan, 511 U.S. 825; Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347.

To state an Eighth Amendment violation in the context of medical treatment, an inmate must show prove two elements: 1) plaintiff was suffering from a "serious medical need," and 2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978). The first showing requires the court to objectively determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

The second prong requires a court subjectively to determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an

5

intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).

Not all of the defendants can be liable for failure to provide adequate medical care. In this regard, in order to establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

With respect to Plaintiff's claims of inadequate medical treatment, liability can be assessed only against persons with authority to make treatment decisions concerning Plaintiff's medical care. *See* Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004) (holding that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference). The record evidence shows that Plaintiff was under the supervision of medical personnel during the entire relevant time period. Defendant Visinsky did not have any ability to make decisions regarding Plaintiff's medical care. Moreover, there is no record evidence that Defendant Visinsky interfered with Plaintiff's prescribed medical treatment for non-medical reasons. Consequently, Defendant Visinsky can not be held to have been deliberately indifferent to Plaintiff's medical needs. *Accord* McAleese v. Owens, 770 F.Supp. 255 (M. D. Pa.

6

1991) (finding that healthcare administrator was entitled to summary judgement because he was not a physician and was unable to assess the reasonableness of the plaintiff's medical treatment).

That leaves Dr. Thomas. The parties acknowledge that Plaintiff suffered from a stitch granuloma. Thus, Plaintiff has demonstrated the existence of a serious medical need. Notwithstanding, Plaintiff has failed to demonstrate that Defendant Thomas acted with deliberate indifference to his condition.

The "deliberate indifference" standard for purposes of liability under section 1983 is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 410 (1997). The defendant must be both aware of facts from which the inference could be drawn that a substantial harm exists and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). An official is not deliberately indifferent if "he fails to alleviate a significant risk that he should have identified." *Id.* Moreover, deliberate indifference to a serious medical need of a prisoner is distinguishable from a negligent diagnosis or treatment of a medical condition; only the former conduct violates the Eighth Amendment. Medical malpractice may give rise to a tort claim in state court but does not necessarily rise to the level of a federal constitutional violation. Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).

The Supreme Court explained the difference between negligence and constitutional claims in Estelle v. Gamble, 429 U.S. 97, 104 (1978). In that case, the prisoner, Gamble, was injured when a bale of cotton fell on him while he was unloading a truck. He went to the unit hospital where a medical assistant checked him for a hernia and sent him back to his cell. He returned to the

hospital where he was given pain pills by an inmate nurse and then was examined by a doctor. The following day, his injury was diagnosed as a lower back strain; he was prescribed a pain reliever and a muscle relaxant. Over the course of several weeks, Gamble was seen by several doctors who prescribed various pain relievers and provided him with medical work excuses. Ultimately, despite his protests that his back hurt as much as it had the first day, medical staff certified Gamble to be capable of light work. During the next two months, Gamble received a urinalysis, blood test, blood pressure measurement, and pain and blood pressure medication. Subsequently, a medical assistant examined Gamble and ordered him hospitalized for treatment of irregular cardiac rhythm.

The Supreme Court held that Gamble's allegations failed to state a claim upon which relief could be granted against the defendant, both in his capacity as a treating physician and as the medical director of the Corrections Department.

> Gamble was seen by medical personnel on 17 occasions spanning a 3-month period . . .. They treated his back injury, high blood pressure, and heart problems. Gamble has disclaimed any objection to the treatment provided for his high blood pressure and his heart problem; his complaint is "based solely on the lack of diagnosis and inadequate treatment of his back injury." The doctors diagnosed his injury as a lower back strain and treated it with bed rest, muscle relaxants and pain relievers. Respondent contends that more should have been done by way of diagnosis and treatment, and suggests a number of options that were not pursued. The Court of Appeals agreed, stating: "Certainly an x-ray of (Gamble's) lower back might have been in order and other tests conducted that would have led to appropriate diagnosis and treatment for the daily pain and suffering he was experiencing." <u>But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the Texas Tort Claims Act</u>.

Gamble, 427 U.S. at 107 (internal citations omitted) (emphasis added).

Like the prisoner in Gamble, Plaintiff at bar has failed to demonstrate that he suffered a constitutional violation, a prerequisite for recovery under 42 U.S.C. § 1983. Plaintiff's medical records indicate that he received extensive medical treatment including surgery within four months of his initial complaint. While an intentional refusal to provide any medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable under the Eighth Amendment, the Eighth Amendment does not require that a prisoner receive every medical treatment that he requests or that is available elsewhere.[2] A disagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation because the "right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." Layne v. Vinzant, 657 F.2d 468, 473 (1st Cir. 1981). Mere disagreements over medical judgment do not state Eighth Amendment claims as there are typically several acceptable ways to treat an illness. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) (citations omitted). *Accord* Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state claim for relief under section 1983).

---

2   See, e.g., Dias v. Vose, 960 F.2d 143 (1st Cir. 1991); United States v. DeCologero, 821 F.2d 39, 42 (1st Cir. 1987) ("though it is plain that an inmate deserves adequate medical care, he cannot insist that his institutional host provide him with the most sophisticated care money can buy"); Ferranti v. Moran, 618 F.2d 888, 891 (1st Cir. 1980) (a dispute over the exercise of professional medical judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation); Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1981) (where the dispute is over the adequacy of the medical treatment, federal courts should be reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law).

To survive Defendants' motions for summary judgment, Plaintiff is required to point to some evidence to show that Defendants knew or were aware of a substantial risk of serious harm to Plaintiff. Singletary v. Pennsylvania Dept. of Corrections, 266 F.3d 186, 192 n.2 (3d Cir. 2001)). Specifically, there is no record evidence that suggests that any Defendant knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it or that he had any reason to know that he faced any substantial harm. Moreover, Plaintiff has failed to demonstrate that he suffered any harm as a result of Defendants' actions. Thus, Defendants are entitled to summary judgment as to Plaintiff's claims alleging inadequate medical treatment. *See* Brandner v. First Correctional Medical, 167 Fed. Appx. 328, 2006 WL 358512 (3d Cir. 2006) (holding that medical treatment consisting of MRI of knee yielding normal results did not evidence deliberate indifference); Banuelos v. McFarland, 41 F.3d 232 (5th Cir. 1995) (a disagreement between an inmate and his physician concerning whether certain medical care was appropriate is actionable under section 1983 only under exceptional circumstances); Monmouth, 834 F.2d at 346 (deliberate indifference may be shown only where prison officials have actual knowledge of the need for treatment, yet intentionally refuse to provide any appropriate care). An appropriate order follows.

## ORDER

**AND NOW**, this 15th day of September, 2009;

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendant Joseph Visinsky(doc. no. 59) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Defendant Dr. George Thomas (doc. no. 62) is **GRANTED**.

10

By the Court

Kim R. Gibson
United States District Judge

cc:    KENDALL CURRY
CN-9459
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510